UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON R. TAYLOR | CIVIL ACTION |
| VERSUS | NO. 14-2021 |
| FLORIDA PARISHES JUVENILE JUSTICE COMMISSION | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ORDER AND REASONS

This is an employment discrimination case under Title VII, which has been referred to me for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 9. Defendant filed a motion for summary judgment fully supported by declarations under penalty of perjury, verified exhibits and a Statement of Undisputed Material Facts. Record Doc. No. 13. Local Rule 7.5 requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to defendant's motion for summary judgment, submitted for decision on September 9, 2015, without oral argument, has been timely submitted, nor has plaintiff sought an extension of the deadline for filing an opposition. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit,

**IT IS ORDERED** that the motion is GRANTED. Defendant's competent summary judgment evidence establishes that defendant terminated plaintiff's employment for legitimate, nondiscriminatory reasons. Plaintiff had received several

prior disciplinary warnings.  In the incident that led directly to his termination, he failed to follow his training and defendant's policy to prevent and de-escalate a violent confrontation between two youth residents under his supervision.

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim.  National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23 (1986)).  Plaintiff has proffered no evidence to carry his burden under Title VII to rebut those reasons and establish that they were a pretext for racial discrimination.  Wilson v. Exxon Mobil Corp., 575 F. App'x 309, 313 (5th Cir. 2014) (citing Chaney v. New Orleans Pub. Facility Mgmt., 179 F.3d 164, 167-68 (5th Cir. 1999)); McCoy v. City of Shreveport, 492 F.3d 551, 562 (5th Cir. 2007).  "'[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party."  U.S. ex rel. Farmer v. City of Houston, 523 F.3d 333, 337 (5th Cir. 2008) (quoting Celotex, 477 U.S. at 323.

Accordingly, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED as unopposed and that plaintiff's complaint is DISMISSED WITH

PREJUDICE, plaintiff to bear all costs of these proceedings. Judgment will be entered accordingly.

New Orleans, Louisiana, this <u>  9th  </u> day of September, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE